IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NOLAN REIMOLD : | |
| : | |
| v.           : | Civil No. CCB-15-1162 |
| : | |
| ZIYA GOKASLAN, et al. : | |

## MEMORANDUM

Nolan Reimold sues Ziya Gokaslan, Johns Hopkins Hospital, and Johns Hopkins University, alleging negligent medical treatment following an operation on Reimold's spine. Although Reimold filed his complaint in the Maryland Circuit Court for Baltimore City, the defendants removed it almost immediately to this court. Reimold now moves to remand his case under the forum defendant rule. That motion has been full briefed, and no hearing is necessary to its resolution. *See* Local Rule 105.6 (D. Md. 2014). For the reasons explained below, it will be granted.

## BACKGROUND

Reimold filed his complaint in the Circuit Court for Baltimore City on April 21, 2015. (*See* Compl. 1, ECF No. 2.) At that time, Reimold requested that the clerk prepare summonses and return them to his counsel's office. (*See* Mot. Remand Ex. 2, ECF No. 7-2.) In his motion, Reimold indicates that he did not receive those writs until April 27, a delay he indicates is common in the Circuit Court for Baltimore City. (*See* Mot. Remand 2, 8.) In any case, on April 23—before Reimold had received the summonses, let alone served them—the defendants filed a notice of removal in this court. (*See* Notice of Removal, ECF No. 1.) That notice confirms that

all three defendants are citizens of Maryland.  (*See* Notice of Removal 2; *see also* Compl. 3.)

## ANALYSIS

"[O]ne of the principal purposes of diversity jurisdiction was to give a citizen of one state access to an unbiased court to protect him from parochialism if he was forced into litigation in another state in which he was a stranger and of which his opponent was a citizen." *Ziady v. Curley*, 396 F.2d 873, 875 (4th Cir. 1968).  Under the so-called forum defendant rule, however, an otherwise-removable diversity case "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  That rule recognizes that there is no need to protect out-of-state defendants from local prejudice "where the defendant is a citizen of the state in which the case is brought."  *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006).

Reimold invokes the forum defendant rule here, on the ground that each defendant is a citizen of Maryland.  The defendants retort that the statute codifying that rule prohibits removal only where the forum defendant has been "properly joined and served."  28 U.S.C. § 1441(b)(2).  Because none of them have been served, they argue that they are free to remove the case.

"There is a broad and growing divide among the district courts as to whether the forum-defendant rule bars pre-service removal based on diversity jurisdiction." *Phillips Constr., LLC v. Daniels Law Firm, PLLC*, --- F.3d ---, 2015 WL 1276744, at *4 (S.D.W. Va. 2015) (collecting cases).  The court has surveyed the state of the law.  For the reasons persuasively articulated by *Phillips Construction*, the court concludes that "in cases involving only resident defendants, the forum-defendant rule bars resident defendants from removing an action pursuant to diversity jurisdiction before effectuation of service." *Id.* at *9.

This conclusion is consistent with *Oxendine v. Merck & Co.*, which determined that "removability can not [sic] rationally turn on the timing or sequence of service of process." 236 F. Supp. 2d 517, 526 (D. Md. 2002). And although it is in tension with two subsequent decisions of this court, it conflicts directly with neither. Both *Clawson v. FedEx Ground Package System, Inc.*, 451 F. Supp. 2d 731, 735 (D. Md. 2006), and an unpublished decision, *Robertson v. Iuliano*, Civil No. RDB-10-1319, 2011 WL 453618, at *3 (D. Md. Feb. 4, 2011), observed that a plaintiff's failure to serve a forum defendant permits removal. Both cases, however, were removed by co-defendants who had already been served and, more importantly, were not citizens of the forum state. *Clawson*, 451 F. Supp. 2d at 732–33; *Robertson*, 2011 WL 453618, at *1. In this case, by contrast, no defendant has been served, each joined the notice of removal, and, above all, each is a citizen of Maryland. The uniformity of the defendants' citizenship in Maryland matters, insofar as the purpose of the "properly joined and served" language in 28 U.S.C. § 1441(b)(2) "is 'to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom [the plaintiff] does not intend to proceed, and whom [the plaintiff] does not even serve.'" *Goodwin v. Reynolds*, 757 F.3d 1216, 1221 (11th Cir. 2014) (alterations in original) (quoting *Sullivan v. Novartis Pharm. Corp.*, 575 F. Supp. 2d 640, 644 (D.N.J. 2008)). Where, as here, every defendant is a citizen of the forum state, there is no such danger of opportunistic joinder. In such circumstances, application of the "properly joined and served" exception to the forum-defendant rule would serve neither the general purpose of diversity jurisdiction nor the specific purpose of that exception. The court will not condone such an absurdity here.

## CONCLUSION

For the reasons stated above, Reimold's motion to remand will be granted.

A separate order follows.

<u>June 8, 2015</u>                                                    <u>          /S/                                    </u>
Date                                                                        Catherine C. Blake
                                                                                   United States District Judge